```
                    UNITED STATES DISTRICT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Bobby V. Addison

    v.                                              Civil No. 15-cv-399-JL

United States of America


**REPORT AND RECOMMENDATION**

Before the court is defendant United States of America's motion to dismiss (Doc. No. 11) this Federal Tort Claims Act case filed by plaintiff Bobby V. Addison.  For the reasons set forth below, the court recommends that this action be dismissed without prejudice, for failure to prosecute, and that the pending motion to dismiss then be denied as moot.


**Background**

Addison filed this action while he was incarcerated at the Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin").  Addison was subsequently transferred to a Residential Reentry Management Center in Baltimore, Maryland ("RRM-Baltimore") in anticipation of his release.  Mail sent to Addison at FCI-Berlin was returned to the court undelivered in March 2016, and mail sent to Addison at RRM-Baltimore was returned to the court undelivered in April 2016.

After Addison was released from prison, the court obtained

an address for Addison on 46th Street in Washington, D.C.  Mail sent to that address was returned to the court undelivered on June 27, 2016.  See Doc. No. 12.  Mail sent to Addison at the parole services building on Indiana Avenue in Washington, D.C. was returned to the court undelivered on July 18, 2016.  See Doc. No. 13.

The court has since obtained another address for Addison, on Savannah Terrace in Washington, D.C.  On October 25, 2016, the court sent Addison, at that address, a copy of the defendant's motion to dismiss (Doc. No. 11), as the record indicated Addison may not have received a copy of that motion, along with an order granting Addison until November 15, 2016 to either object to that motion or to seek an extension of that deadline.  That mail has not been returned to the court. Addison has not filed anything in response to the motion to dismiss or the court's order extending his deadline to object.

## Discussion

"A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b), including failure of the plaintiff to comply with any order of the court." Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007).  A plaintiff's failure to diligently prosecute a case provides a

2

basis for the court to dismiss a complaint sua sponte.  Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002).

The court, mindful of "'the strong presumption in favor of deciding cases on the merits,'" García-Pérez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010) (citation omitted), considers the totality of the circumstances in determining whether dismissal with prejudice for failure to prosecute is appropriate.  See Diaz-Santos v. Dep't of Educ., 108 F. App'x 638, 640 (1st Cir. 2004).

> Dismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.... [W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits.

Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (internal citations and quotation marks omitted).

Since filing his complaint, Addison has failed to take any action in this matter, other than filing a motion to proceed in forma pauperis (Doc. No. 4) on October 19, 2015, and paying an initial filing fee on November 23, 2015.  Addison did not file any notice apprising the court of his changes of address, although the court's local rules clearly advise litigants of their duty to do so.  See LR 83.6(e).  It appears that Addison

3

has abandoned this case.

Considering the totality of the circumstances, dismissal without prejudice is proper.  While plaintiff's apparent abandonment of the case and failure to update the court as to his new address has lasted more than a year, it is not clear that Addison violated a court order of which he had actual knowledge.  Moreover, Addison has not previously been advised that the court would dismiss this matter if he failed to respond to a court order.  Accordingly, while dismissal for failure to prosecute is appropriate, Addison's conduct does not warrant the severe sanction of dismissal with prejudice.

## Conclusion

For the foregoing reasons, the district judge should dismiss this case without prejudice, for failure to prosecute. Additionally, the district judge should deny the pending motion to dismiss (Doc. No. 11) as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos

v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 4, 2017

cc: Bobby V. Addison, pro se
    Robert J. Rabuck, Esq.